UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>MICHAEL EDWARDS,<br>a/k/a "Only1Giela"<br><br>Defendant. | PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT<br><br>S2 23 Cr. 578 (JGK) |

WHEREAS, on or about June 12, 2024, MICHAEL EDWARDS (the "Defendant"), among others, was charged in a six-count Superseding Indictment, S2 23 Cr. 578 (JGK) (the "Indictment"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 and 3147(1) (Count One); conspiracy to commit theft of a postal key, in violation of Title 18, United States Code, Section 371 (Count Two); conspiracy to commit theft of mail and receipt of stolen mail, and sale and receipt of stolen money, in violation of Title 18, United States Code, Sections 371 and 3147(1) (Count Three); theft of a postal key, in violation of Title 18, United States Code, Section 1704 and 2 (Count Four); theft of mail and receipt of stolen mail, in violation of Title 18, United States Code, Section 1708 and 2 (Count Five); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 3147(1) and 2 (Count Six);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property, constituting or derived from proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Indictment, including but not limited to, a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Indictment also included forfeiture allegations as to Counts Three and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Three and Five of the Indictment, including but not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three and Five of the Indictment;

WHEREAS, on or about November 13, 2025, the Defendant pled guilty to Counts One through Six of the Indictment and admitted the forfeiture allegation with respect to Counts One, Three, and Five of the Indictment;

WHEREAS, the Government asserts that $18,840,084.45 in United States currency represents property constituting or derived from proceeds traceable to the offenses charged in Counts One, Three, and Five of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $18,840,084.45 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Three, and Five of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Carlos Mercado, Shakeemo Hill, Alixandria Lauture, and William Hill, (collectively, the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants for the offenses charged in Counts One, Three, and Five of the Indictment; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Three, and Five of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Three, and Five of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $18,840,084.45 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Three, and Five of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendants, to the extent forfeiture money judgments are entered against the Co-Defendants for the offenses charged in Counts One, Three and Five of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant MICHAEL EDWARDS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

John G. Koeltl

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

10/7/26
DATE